UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

FRANKLIN S. GRANJA
and other similarly-situated individuals,

    Plaintiff (s),

v.

DOLMEN GROUP INC and
ALEJANDRO ALVAREZ, individually.

    Defendants,
_____ /

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff FRANKLIN S. GRANJA, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sue Defendants DOLMEN GROUP INC, and ALEJANDRO ALVAREZ, individually and alleges:

**JURISDICTION VENUES AND PARTIES**

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff FRANKLIN S. GRANJA is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant DOLMEN GROUP INC. (hereinafter DOLMEN GROUP) is a Florida corporation having its main place of business in Miami-Dade County, Florida, where

Plaintiff worked for Defendant, and at all times material hereto, Defendant was engaged in interstate commerce.

4. The individual Defendant ALEJANDRO ALVAREZ was and is now, Owner/Partner/ Officer and run operations of DOLMEN GROUP. Defendant ALEJANDRO ALVAREZ is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Dade-County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff FRANKLIN S. GRANJA to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

7. Corporate Defendant DOLMEN GROUP is a printing company specialized in commercial printing, graphic design services, and the productions of all kind of advertising and marketing related materials, including banners, fliers, vinyl decals, labels etc.

8. Defendant DOLMEN GROUP employed Plaintiff FRANKLIN S. GRANJA as a non-exempt printing shop employee, approximately from May 20, 2013 to August 21, 2015, or 117 weeks.

9. Plaintiff was hired as labor or "Printing Shop Assistant", Plaintiff had production, cleaning, warehouse, and other duties that were manual and non-exempt in nature. Plaintiff was paid a salary of approximately $727.75 per week, and this salary intended to cover 40 working

hours in a week period. Plaintiff worked from 8:00 AM to 5:00 PM. Plaintiff kept the same position for approximately 6 months.

10. After the first 6 months, Plaintiff was promoted or misclassified as "Production Supervisor". However, Plaintiff continued with his same production duties, this time with more responsibilities and more hours of work. In fact, Plaintiff was a lead-man due to his extensive experience as a printing machines operator. Plaintiff learned his skills throughout 10 years of on-the job training. Plaintiff additional duties included re-doing bad printing jobs of other printing shop employees, shipping, receiving, stocking shelves, general warehouse work, and added clerical duties such as doing inventories, placing orders for printing shop supplies, and drafting schedules as per instructions received. Plaintiff also was in charge of opening and close the printing shop.

11. Plaintiff worked under the supervision of owner ALEJANDRO ALVAREZ, Manager Gustavo Correa, and Aniel Rios.

12. With the change of position, Plaintiff's schedule also changed; he worked Monday and Tuesday from 7:00 AM to 5:00 PM (10 hours each day); on Wednesday from 7:00 AM to 7:00 PM (12 hours); on Thursdays Plaintiff worked from 7:00 AM to 6:00 PM; and on Fridays from 7:00 AM to 10:00 PM (15) hours, for a total of 53 hours weekly (Plaintiff has deducted 5 hours of lunch time).

13. In addition, at least on Saturday per month, Plaintiff worked from 8:00 AM to 1:00 PM or 5 hours that constitute more overtime hours.

14. Plaintiff worked in excess of 40 hours every week period. Nevertheless, he was not paid for overtime hours at the rate of time and a half his regular rate as required by the FLSA.

15. Plaintiff did not met any requirement for any kind of exemption under the Fair Labor Standards Act., and he was entitled to be paid overtime at the rate of time and a half his regular rate, as established by the Fair Labor Standards Act.

16. Defendants misclassified Plaintiff and failed to pay him for every hour worked in excess of 40, at the rate of time and a half his regular rate as per Federal law requirements.

17. Defendants did not keep any time keeping method.  Plaintiff was paid with checks, but he was only paid for 40 working hours in a week period**.**  Defendants never provided Plaintiff with paystubs reflecting the number of hours worked, gross salary paid or wage rate, employment taxes retained, amount retained for health insurance etc.

18. Plaintiff never was in agreement with the number of hours paid to him, and complained several times about unpaid overtime hours.  Defendants refused to pay for overtime hours.

19. On or about August 21, 2015 Plaintiff left his employment with Defendants due to his disappointment with his working conditions.

20. Plaintiff FRANKLIN S. GRANJA seeks to recover any overtime hours, liquidated damages, and any other relief as allowable by law.

21. Plaintiff also intends to recover any health insurance amount deducted, in periods when Plaintiff was uncovered.

22. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
### FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

23. Plaintiff FRANKLIN S. GRANJA re-adopts each and every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

24. This cause of action is brought by Plaintiff FRANKLIN S. GRANJA as a collective action to recover from Defendant overtime compensation, liquidated damages, costs and reasonably attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after May 20, 2013, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

25. Defendant DOLMEN GROUP was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Defendant is a printing company. Defendant has more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

26. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Particularly, Plaintiff was a printing shop employee, who handle goods and materials produced out of state. Plaintiff also ordered printing supplies and materials that were moved in State commerce at any point in the course of business. Therefore, there is individual coverage.

27. Defendant DOLMEN GROUP employed Plaintiff FRANKLIN S. GRANJA as a non-exempt printing shop employee, approximately from May 20, 2013 to August 21, 2015, or 117 weeks.

28. At certain point during his employment with Defendants, Plaintiff was misclassified as "Production Supervisor". Nevertheless, Plaintiff was just a lead man and he was entitled to be paid overtime at the rate of time and a half his regular rate, as established by the Fair Labor Standards Act.

29. Plaintiff's primary duty was non-exempt manual production work. Plaintiff had additional clerical duties. Plaintiff did not have any authority to hire and fire, or determine other employee's terms and conditions of employment, and he never exercise any discretion to perform his duties. Plaintiff worked under the supervision of owner ALEJANDRO ALVAREZ, Manager Gustavo Correa, and Aniel Rios.

30. With the change of position, Plaintiff's schedule also changed; he worked Monday and Tuesday from 7:00 AM to 5:00 PM (10 hours each day); on Wednesday from 7:00 AM to 7:00 PM (12 hours); on Thursdays Plaintiff worked from 7:00 AM to 6:00 PM; and on Fridays from 7:00 AM to 10:00 PM (15) hours, for a total of 53 hours weekly (Plaintiff has deducted 5 hours of lunch time). However, Plaintiff was not paid for overtime hours.

31. Therefore, Defendants misclassified Plaintiff and failed to pay Plaintiff at the rate of time and a half his regular rate for every hour in excess of forty, in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

32. Plaintiff was paid with checks, but he was not provided with paystubs reflecting the number of hours worked, wage rate or gross salary, employment taxes retained, amount retained for health insurance etc.etc.

33. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain time accurate records of hours worked by Plaintiff and other employees.

34. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

35. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid off the clock overtime wages is as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate. Calculations have been made based on W-2 forms received by Plaintiff. Plaintiff is considering only overtime for 2014 Because he does not remember the exact date in which he began to work O/T hours.

  a. <u>Total amount of alleged half-time unpaid O/T wages</u>:

     Thirty Thousand Nine Hundred Dollars Thirty Five Dollars and 32/100 ($30,935.32)

  b. <u>Calculation of such wages</u>:

     Relevant weeks of employment: 117 weeks
     Total number of hours worked: 53 hours average weekly
     Total number or paid hours: 40 hours
     Total number of unpaid overtime hours: 13 hours

     i. **Overtime for 2014 x 52 weeks=$19,232.20**

    Paid weekly: $ 730.96: 40= $18.97 regular rate x 1.5= $28.45 O/T rate
    O/T rate $28.45 x 13 hours= $369.85 weekly x 52 weeks = $19,232.20

    **ii.    Overtime for 2015 x 33 weeks=$11,703.12**

    Regular rate: $727.75:40 = $18.19 x 1.5= $27.28 O/T rate
    O/T rate $27.28 x 13 hours= $354.64 weekly x 33 weeks = $11,703.12

    Total overtime i, and ii = $30,935.32

  c.  <u>Nature of wages (e.g. overtime or straight time):</u>

    This amount represents unpaid overtime wages.

36. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

37. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

38. At the times mentioned, individual Defendant ALEJANDRO ALVAREZ was the owner/partner/manager of DOLMEN GROUP. Defendant ALEJANDRO ALVAREZ was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendant acted directly in the interests of DOLMEN GROUP in relation to its employees, including

Plaintiff and others similarly situated. Defendant ALEJANDRO ALVAREZ had financial and operational control of the corporation, provided Plaintiff and other similarly situated employees with their work schedule, and is jointly liable for Plaintiff's damages.

39. Defendants DOLMEN GROUP and ALEJANDRO ALVAREZ willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

40. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff FRANKLIN S. GRANJA and other similarly-situated individuals and against the Defendants DOLMEN GROUP and ALEJANDRO ALVAREZ on the basis of Defendants willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff FRANKLIN S. GRANJA actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff FRANKLIN S. GRANJA demands trial by jury of all issues triable as of right by jury.

Dated:  March 17, 2016

                Respectfully submitted,

                By:  **/s/ Zandro E. Palma**
                ZANDRO E. PALMA, P.A.
                Florida Bar No.: 0024031
                9100 S. Dadeland Blvd.
                Suite 1500
                Miami, FL 33156
                Telephone: (305) 446-1500
                Facsimile:  (305) 446-1502
                zep@thepalmalawgroup.com
                *Attorney for Plaintiff*